UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-749-H

DEBORAH BENNETT and
DEANIE BAKER                                                                                        PLAINTIFFS

V.

RADCLIFF POLICE DEPARTMENT,
OFFICER CHRIS THOMPSON and
UNKNOWN MEMBERS OF RADCLIFF
POLICE DEPARTMENT                                                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Deanie Baker and Deborah Bennett, have asserted state and federal claims against the Radcliff Police Department, Officer Chris Thompson and unknown members of the Radcliff Police Department. Defendants Radcliff Police Department and Officer Thompson have moved for summary judgment on all claims. The Court will resolve some of those issues in this Memorandum Opinion and reserve others.

The substance of Plaintiffs' claims are as follows: Plaintiffs allege that on or about December 16, 2009, Officer Thompson entered Deanie Baker's home with permission. He was allegedly searching for an individual named Brandi Miller, who he believed to be hiding at Baker's home. Officer Thompson conducted a search of the home and did not find Miller. Allegedly, Officer Thompson later returned the same day and entered Baker's home again without permission. This time, Plaintiff, Deborah Bennett, was in the home finishing a shower. She was wearing only a towel in the bathroom when Thompson began his second search. Thompson forced Bennett to exit the bathroom and stand in her towel while he finished the search.

Plaintiffs allege that these actions support a 42 U.S.C. § 1983 claim for violations of the Fourth and Fourteenth Amendments of the United States Constitution. Additionally, Plaintiffs assert state law torts of trespass, assault, battery, and negligence.

I.

As an initial matter, police departments are not entities subject to § 1983 actions. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Rather, the municipality, here the City of Radcliff, would be the appropriate defendant. Accordingly, the Radcliff Police Department is entitled to dismissal as a matter of law on Plaintiffs' § 1983 claim as it is not an entity subject to suit.

As a related matter, a § 1983 action brought against an official of a governmental entity in his official capacity is construed as brought against the governmental entity itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, any official capacity claims against Officer Thompson and unknown members of the Radcliff Police Department are actually brought against the City of Radcliff. Such a municipality is not responsible for constitutional violations unless there is a causal link between that entity and a governmental policy or custom that results in the alleged constitutional deprivation. *Deaton v. Montgomery Cnty.*, 989 F.2d 885, 889 (6th Cir. 1993).

Neither the facts alleged here, nor the evidence disclosed during discovery, dictate a finding that the City of Radcliff instituted policies, practices or customs that caused the alleged constitutional violations. Consequently, the § 1983 claim against Officer Thompson and the unknown members of the Radcliff Police Department in their official capacities must also be dismissed.

II.

2

Next, Defendants argue that Plaintiffs' state law personal injury claims for assault, battery and negligence are barred by the applicable one-year statute of limitations. KRS § 413.140(1)(a).[1] The argument raises an interesting question as to whether state or federal law applies to the question of when an action is "commenced" in a federal question jurisdiction cases with pendent state law claims.[2] Plaintiffs did not respond to this aspect of Defendants' motion. After some careful research, the Court has determined the correct approach.

"When a federal court hears a state-law claim, it not only applies the relevant state statute of limitations; it must also apply state law to determine when an action 'commences' and when the limitations clock stops ticking." *Gibson v. Slone*, 2011 WL 2009815, at *1 (E.D. Ky. May 23, 2011) (citing *Powell v. Jacor Commns. Corp.,* 320 F.3d 599, 602 (6th Cir. 2003)). Kentucky law provides that an action is commenced "on the date of first summons or process issued in good faith from the court having jurisdiction." KRS § 413.250. This is different from Federal Rule of Civil Procedure 3, which provides that an "action is commenced by filing a complaint." Regardless, the law is clear that the Kentucky rule controls for purposes of determining whether state law claims are timely. *Gibson v. Slone*, 2011 WL 2009815, at * 1 (supporting citations omitted); *see also Bradford v. Bracken Cnty.*, 767 F.Supp. 2d 740, 745-46 (E.D. Ky. 2011).

Though Plaintiffs filed the complaint on December 5, 2010, no summons was issued since

---

[1] Plaintiffs also allege a state law claim for trespass. Under KRS § 430.120(4), the Kentucky statute of limitations period for a trespass claim is five years. As such, this claim does not face the same timing problem as the personal injury claims.

[2] This matter is properly in federal court since Plaintiffs have alleged a violation of the United States Constitution in their § 1983 claim. As such, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. In addition to Plaintiffs' § 1983 claim, they allege various violations of Kentucky law. This Court may exercise supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

Plaintiffs failed to file a proper summons with the Clerk of this Court.[3] After the Clerk notified Plaintiffs of this omission, Plaintiffs filed the requisite documentation. The Clerk then issued the summons on December 23, 2010. Under KRS § 413.250, the date on which this action commenced is December 23, 2010. Since the events at issue occurred on December 16, 2009, the one-year statute of limitations period ran on Plaintiffs' personal injury claims. As such, the Kentucky state law claims of assault, battery and negligence are time-barred.

III.

Plaintiffs remaining claims are a state law claim for trespass[4] and a § 1983 claim against Officer Thompson and unknown members of the Radcliff Police Department in their individual capacities. Defendants have moved for summary judgment on these claims, and the Court has taken that motion under continued submission.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion for summary judgment is SUSTAINED IN PART: (1) Plaintiffs' federal claims against the Radcliff Police Department, Officer Chris Thompson and unknown members of the Radcliff Police Department in their official capacities are DISMISSED WITH PREJUDICE; and (2) Plaintiffs' state law claims for assault, battery and negligence are DISMISSED WITH PREJUDICE.

---

[3] In the Kentucky court system, "[u]pon the filing of a complaint (or other initiating document) the clerk shall forthwith issue the required summons . . ." Kentucky Rules of Civil Procedure (CR) 4.01. Here, Plaintiffs do not benefit from the automatic issuance of summons upon filing a complaint. The local rules for the United States District Court for the Western District of Kentucky demand a petitioner file pleadings *and* summons to effectuate an issuance of summons. *See* Joint Local Rules of Civil Practice for the United States District Courts for the Eastern and Western Districts of Kentucky, LR 4.3.

[4] It is unclear whether Plaintiff can maintain a state court action against the Radcliff Police Department.

cc: Counsel of Record